FILED
SEP 12 2017
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 17-243 |
| JAMES W. JOHNSON | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Rachael L. Dizard, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession with intent to distribute of a quantity of cocaine base; a quantity of fentanyl; a quantity of cocaine hydrochloride; and a quantity of methamphetamine<br>On or about January 2, 2017 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 2 | Possession of a firearm by a convicted felon<br>On or about January 2, 2017 | 18 U.S.C. § 922(g)(1) |
| 3 | Possession with intent to distribute and distribution of a quantity of fentanyl<br>On or about December 30, 2016 | 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C) |

### II. ELEMENTS OF THE OFFENSES

A.  As to Counts One and Three:

For the crime of possession with intent to distribute and/or distribution of a quantity of cocaine base, a quantity of fentanyl, a quantity of cocaine hydrochloride, and/or a quantity

of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the United States must prove the following elements beyond a reasonable doubt.

    1.    That the defendant knowingly possessed a mixture or substance containing a controlled substance;

    2.    That the defendant distributed and/or had an intent to distribute the mixture or substance; and

    3.    That the mixture or substance contained cocaine base, fentanyl, cocaine hydrochloride, and/or methamphetamine.

**B. As to Count Two:**

In order for the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That JAMES W. JOHNSON has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

    2.    That after this conviction, JAMES W. JOHNSON knowingly possessed the firearm described in Count Two of the Indictment; and

    3.    That JAMES W. JOHNSON'S possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G.

### III.  PENALTIES

A.  As to Counts One and Three (possession with intent to distribute and/or distribution of a quantity of cocaine base; a quantity of fentanyl; a quantity of cocaine hydrochloride; and/or a quantity of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):

1. A term of imprisonment of up to 20 years.
2. A fine of up to $1,000,000.
3. A term of supervised release of at least three years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of up to 30 years.
2. A fine of up to $2,000,000.
3. A term of supervised release of at least six years.

B.  As to Count Two (possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)):

1. A term of imprisonment of not more than ten (10) years.  However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.
2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).
3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013.

### V. **RESTITUTION**

Not applicable in this case.

### VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

*/s/ Rachael L. Dizard*
RACHAEL L. DIZARD
Assistant U.S. Attorney
PA ID No. 315482