IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal No. 17-243 |
| | ) | |
| JAMES WELDON JOHNSON | ) | |

## MOTION FOR DISCOVERY WITH CITATION OF AUTHORITY

NOW COMES the defendant, James Johnson(hereinafter "Mr. Johnson"), by his attorney, Assistant Federal Public Defender Leon A. Parker, respectfully moves this Court to order the government to provide him with full discovery under Rule 16 of the Federal Rules of Criminal Procedure as well as evidence and information that is favorable to the defense within the meaning of Giglio v. United States, 405 U.S. 150 (1972), and/or (b) exculpatory or impeachment information discoverable under Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959), and their progeny, as well as United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991).

## BACKGROUND

1.    Mr. Johnson  is charged in a three count Indictment alleging violations of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a) (1) occurring on or about December 30, 2016 and January 2, 2017.

2.    The prosecution has provided some materials, but Mr. Johnson  files this motion to preserve his rights.

3.     To defend himself consistent with the requirements of the Fifth and Sixth Amendment to the United States Constitution and the Federal Rules of Criminal Procedure, Mr. Johnson  requests discovery of documents and items of physical evidence, scientific tests, and expert testimony which the government has, will offer in evidence, and any information concerning the government's witnesses which will enable him effectively to impeach their accuracy and credibility, explore their bias, interest, prejudice, and motivations for testifying for the government and against Mr. Matthews.  The objects and documents are "material to the preparing of the defense."  Fed. R. Crim. P. 16.

## DISCOVERY REQUEST

4.     Rule 16(a)(1)(E)(I) of the Federal Rules of Criminal Procedure requires the government to disclose to the defense all documents and other materials "within the government's possession, custody, or control" that are "material to preparing the defense." "[E]vidence is material under Rule 16 as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." United States v. Marshall, 132 F.3d 63, 68 (D.C. Cir. 1998)(internal citation and quotation marks omitted). The rule is designed to ensure fairness and the ability to defend oneself against criminal charges without unfair surprise. Indeed, the focus of Rule 16 is the defense's preparation. Therefore, documents are

2

material under Rule 16 where it helps the defense in preparing its case and understanding the "true strength of the government's evidence," because such knowledge allows the defense to prepare strategies, and properly investigate and challenge the government's allegations.  Id. at 67-68.  This is precisely how Mr. Johnson  intends to use the discovery sought from the government here. Without the information requested in this motion, the defense

cannot complete the crucial task of preparing Mr. Johnson's defense.  Id. (evidence must be disclosed pursuant to Rule 16 if it helps the defense prepare to avoid "potential pitfalls"

and "minefield[s]" at trial). Applying these standards, Mr. Johnson  requests the following:

**Rule 16 Discovery - Statements of the defendant**

5.      The defense requests any statements made at any time: pre-arrest, at the time of his arrest, and any post-arrest statements.   This includes any communication between Mr. Johnson  and government witnesses as well as any private communications between Mr. Johnson  and his family members. Pretrial disclosure of such evidence will assist the parties in briefing the issue of admissibility, and the Court in determining the admissibility of the statements with less confusion and delay.

**Requests for Exculpatory and Impeachment Evidence.**

6.     Under <u>Brady</u>, the government has an affirmative duty to produce any evidence favorable to the defendant that is material to either guilt or punishment. <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667, 674-75 (1985) (stating the prosecution is required "to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Both exculpatory information and evidence that can be used to impeach the prosecution's witnesses are considered "favorable" under <u>Brady</u> and must be disclosed by the government.  <u>Id.</u> at 676-77; <u>see also</u> <u>Giglio</u>, 405 U.S. at 154-55.  Further, impeachment evidence  must be provided to the defense in time to make "effective use" of it.  <u>United States v. Starusko</u>, 729 F.2d 256, 261, 263 (3d Cir. 1984).


7.     The prosecution must produce not only favorable evidence that is admissible, but also all evidence "that is likely to lead to favorable evidence that would be admissible."  <u>United States v. Sudikoff</u>, 36 F. Supp. 2d 1196, 1198-99 (C.D. Cal. 1999)).   As with Rule 16 disclosure, Brady obligations must be interpreted broadly.  "Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure."  <u>United States v. Safavian</u>, 233 F.R.D. 12, 17 (D.D.C. Cir. 2005) (insufficient for government to provide "niggling excuses" for its failure to provide potentially exculpatory evidence)). And, in some respects, the Brady disclosure

obligation is broader than Rule 16 because it requires production not just of documents, but also of <u>information</u> known to prosecutors that is not contained in documentary evidence. The following request is made pursuant to Rule 16 and <u>Brady</u>, and not a request for materials limited to the Jencks Act. Indeed, it is recognized that even Jencks disclosure before trial "is a salutary practice and we encourage it." <u>United States v. Murphy</u>, 569 F.2d 771, 774 (3d Cir. 1978), cert. denied, 435 U.S. 955 (1978).

8.  As this Court's sister court noted on the importance of providing impeaching information as part of Rule 16:

> . . .aside from outright exculpatory items, it is difficult to imagine information more material to the preparation of the defense than credibility items for critical or major government witnesses.

<u>United States v. Five Persons</u>, 472 F. Supp. 64, 67 (D.N.J. 1979).

9.  Even assuming due process itself does not require disclosure, the ends of judicial economy, careful trial preparation and clarity of evidentiary presentation will be greatly benefitted by pretrial production of the requests we make here. If such disclosure is delayed until the eve of trial, Mr. Johnson  may find himself unprepared or the prosecution may forget items it is required to produce as a

result of nothing more than the crush of last minute details. These possibilities are

obviated by the disclosure of such information now. For these reasons:

10.     Mr. Johnson  seeks disclosure of any and all evidence in

any form which tends to detract from the credibility or probative value of

testimony or evidence intended to be used by the prosecution. See Kyles v. Whitley,

115 S.Ct. 1555, 1568, 1569-73 (1995) (finding failure to disclose inconsistent

eyewitness and informant statements to be due process violation); United States

v. Minsky, 963 F.2d 870, 874-75 (6th Cir. 1992) (finding failure to disclose

polygraph results and FBI 302s that impeached a government witness reversible

Brady error).  This request includes any document that mentions the existence of

a witness who "might have undermined a government witness's credibility" as well

as any information about any accusations or investigations of the government

witnesses that would tend to undermine his or her credibility.  Minsky, 963 F.2d

at 75.  This request is material to the preparation of the defense in preparing to

cross-examine potential witnesses.

11.     Mr. Johnson  seeks disclosure of any and all evidence that

shows, or tends to show, bias or prejudice against him by any witness, or reflecting

a motive or interest to testify against the defendant, or in favor of the government.

See, Brady, supra, and Giglio, supra.  See also, Schledwitz v. United States, 169

F.3d 1003, 1014-15 (6th Cir. 1999) (finding Brady obligation for government to reveal witness portrayed as neutral and disinterested expert actually had investigated defendant for years); <u>United States v. O'Connor</u>, 64 F.3d 355, 359-60 (8th Cir. 1995) (finding failure to disclose threats by one government witness against another and attempts by that same government witness to influence testimony of another government witness is <u>Brady</u>).  This request is material to the defense as it aids in preparing to cross-examine potential witnesses about their biases or motives against Mr. Johnson.

12.    Mr. Johnson seeks disclosure of all evidence of any witness's narcotic addiction or use. Mr. Johnson also seeks disclosure of all evidence of any witness's involvement in the sale or distribution of narcotics.  Further, Mr. Johnson seeks disclosure of any evidence regarding narcotic treatment as well as any psychological or psychiatric treatment, and other evidence bearing on competency. United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983); United States v. Fowler, 465 F.2d 64 (D.C. Cir. 1972). This includes other types of misconduct. See, e.g., United States v. Boyd, 55 F.3d 239, 243-45 (7th Cir. 1995) (noting failure to disclose drug use and dealing by prosecution witness, and "continuous stream of unlawful favors" including phone privileges, presents, special visitors, provided by prosecution to witness is Brady violation). This is particularly relevant here where a government witness is likely involved in drug use and/or trafficking.

13.   Mr. Johnson seeks disclosure of any information concerning photographs shown to witnesses for purposes of identifying Mr. Johnson. While Mr. Johnson is aware that the government failed to preserve a photograph shown to a witness, Mr. Johnson still seeks disclosure of any statements made to the witness by police prior to, during or after the witness viewed the photo, any instruction given to the witness prior to showing him the photo and any written or recorded documentation of the witness's alleged identification of Mr. Johnson.

**Request for Information Regarding Witness Cooperation.**

14.   A witness's cooperation, and agreements and deals with such witness is Brady material. See, e.g., Giglio, 405 U.S. at 154 (finding failure to disclose promise of immunity in exchange for testimony violates Brady); Singh v. Prunty, 142 F.3d 1157, 1161-63 (9th Cir. 1998) (finding failure to disclose that witness had a deal with government to avoid a serious charge is Brady violation).  Such witness(es) will likely be used in this case.  Thus, they must be investigated, and sufficient time for pretrial investigation is required to assure meaningful cross examination to expose any lies or inconsistencies.

15.   To avoid providing this information at this time, the prosecution's office often cite United States v. Higgs, 713 F.2d 39 (3d Cir. 1983) for the proposition that Brady impeachment material need not be provided until compliance with the

Jencks Act. This is a misreading. Higgs ruled that the early disclosure ordered in that case was an abuse of discretion, but that ruling is not inconsistent with earlier disclosure of Brady material. There, the Third Circuit based its ruling on the peculiar facts before it — including sealed testimony concerning the specific danger to witnesses from early disclosure — that minimum standards of due process would be satisfied in that case by disclosure of impeachment material "in time for its effective use at trial." Id. at 44. Indeed, Higgs supports the situation here and the need for early disclosure in preparing Mr. Johnson's defense because there are no reasons why such disclosure should be delayed.

16.    Many courts, including the Third Circuit, have recognized that effective implementation of the doctrine of disclosure of exculpatory evidence requires pretrial disclosure. In United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977), the Court stated:

> The prosecution's obligation to furnish exculpatory material...is firmly established. Not always as clear, however, is the time when that duty must be performed. Recognizing some truth in the adage, "better late than never," we conclude that in this case the production of favorable evidence during trial is not reversal... although we disapprove and discourage the practice of delayed production. (Emphasis added.)

17.    Early production is consistent with the Third Circuit's policy. See, e.g., Gengler, 574 F.2d at 739 (Seitz, C.J., concurring); Gov't of Virgin Islands v. Ruiz,

495 F.2d 1175, 1179 (3d Cir. 1975).  The Third Circuit has made it clear that legitimately requested materials may not be denied "merely because the effect of providing it is to divulge the names of government witnesses or the details of the government's evidence." United States v. Addonizio, 451 F.2d 49, 64 n.16 (3d Cir. 1971).  This is not a legitimate concern here.  On the other hand, the disclosure of the requested material in this case is reasonable and appropriate. Delayed disclosure until trial will come too late as developing information disclosed at trial is unfairly and unnecessarily hampered in that it is virtually impossible to investigate the information properly and run down leads suggested by the information during the heat of trial. See Minsky, supra; United States v. Gleason, 265 F. Supp. 880 (S.D.N.Y. 1967). For these reasons:

18.    Mr. Johnson  seeks disclosure of any and all prior statements made by any prosecution witness, including potential witnesses that may not be called to testify, which is contrary to, or tends to cast doubt on the accuracy of, the expected testimony of the witness. Giles v. Maryland, 386 U.S. 66 (1967); United States v. Service Deli, Inc., 151 F.3d 938, 943-44 (9th Cir. 1998) (finding Brady obligation to turn over original notes from witness interview that contained three pieces of impeachment information that showed that witness story had changed, and change may have been brought about by threats of imprisonment, and witness had

claimed to have suffered a stroke). This is material because witnesses may be impeached by their prior inconsistent statements or faulty memory.

19.     This request includes, but is not limited to, any documents, transcripts, motions and other materials and information alleging or evidencing that any witness is unreliable, including claims or evidence of perjury, exaggeration, misstatement, or other dishonesty or untruthfulness on the part of the witness in any files maintained by federal, state, or local law enforcement agencies, or made by defendants or attorneys in other cases, or by government agents, law enforcement officers or attorneys who have worked with the witness in this or other cases.  The government cannot avoid its due process responsibilities by arguing the information requested here, if it exists, is in the hands of state officials.  See Strickler v. Greene, 527 U.S. 263 275, n. 12 (1999) (recognizing prosecutor has constructive knowledge of all favorable evidence known to those acting on the government's behalf, even if no actual knowledge of materials, and even if materials are in the file of another jurisdiction's prosecutor);  Kyles v. Whiteley, 514 U.S. 419, 437-38 (stating "any argument for excusing a prosecutor from disclosing what he does not happen to know boils down to a plea to substitute the police for the prosecutor, and even for the Courts themselves, as the final arbiters of the government's obligation to ensure fair trials");  United States v.

<u>Perdomo</u>, 929 F.2d 967 (3d Cir. 1991) (finding prosecutor's failure to learn of, and disclose the witness' local criminal record was <u>Brady</u> violation).

20.     Mr. Johnson  seeks disclosure of the criminal records of all prospective prosecution witnesses, and information concerning the acts of any such person that are arguably acts of <u>crimen falsi</u> whether or not those acts resulted in the filing of criminal or civil charges. <u>See</u> <u>Carriger v. Stewart</u>, 132 F.3d 463, 480-82 (9th Cir. 1997) (finding failure to obtain or disclose Department of Corrections file that would have showed lengthy criminal history, and history of lying to police and blaming others for his own crimes is <u>Brady</u>). This includes misconduct of law enforcement witnesses. <u>See, e.g.</u>, <u>United States v. Brooks</u>, 966 F.2d 1500, 1503-04 (D.C. Cir. 1992) (noting where specific request is made, prosecutor must search personnel records of police officer/witnesses to fulfill <u>Brady</u> obligations); <u>United States v. Muse</u>, 708 F.2d 513, 516 (10th Cir. 1983) (recognizing that prosecutor must produce <u>Brady</u> material in personnel files of government agents even if they are in possession of another agency.)

21.     This request includes state and local prosecutions of the witness whether or not such prosecutions appear on the witness' "rap sheet" or other computer data base. <u>Perdomo</u>, 929 F.2d 967 (3d Cir. 1991) (finding prosecutor's failure to learn of and disclose the witness' local record was <u>Brady</u> violation); <u>Crivens v. Roth</u>, 172

F.3d 991, 996-99 (7th Cir. 1999) (finding <u>Brady</u> violation for failure to disclose crimes committed by witnesses even when the witness used aliases).

**Search warrants and evidence under Rule 12(b)(4)(B)**.

22.     Mr. Johnson moves for notice of specific evidence which might be subject to a motion to suppress, and for the documentation relating to the seizure of any evidence which was obtained by legal process such as search warrants or administrative summonses. This motion requests any other search warrants, especially sealed ones which counsel would not know about, and any evidence which might be the subject of a motion to suppress. <u>See</u> F. R. Crim. P. 12(b)(4)(A); (B). Documents such as search warrants and the affidavits are ultimately a matter of public record, but also include sworn statements and assertions of government agents, which are material to the preparation of the defense.

**Scientific Tests and Expert Testimony**.

23.     This case involves a firearm. Mr. Johnson seeks a summary of expert testimony to be offered by the government along with the bases and reasons for the opinions and the witness's qualifications. Federal Rules of Criminal Procedure 16(a)(1)(G) provides:

> **Expert Witnesses.** At the defendant's request, the government must give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the

> Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subdivision must describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications.

24.     Additionally, Federal Rules of Evidence 703 and 705 require disclosure of "facts or data" reviewed and relied on by experts, and disclosure of these "facts or data" well in advance of trial is crucial to effective preparation as well as efficient presentation of evidence at trial. For these reasons:

25.     Mr. Johnson  seeks notice of any and all tests and procedures performed in connection to this case and within the purview of Rule 16(a)(1)(F). While Mr. Johnson is aware that no DNA or fingerprint tests were conducted on said firearm, this motion requests notice of any additional tests which may have been performed, including toolmark and/or bullet identification.

26.     Mr. Johnson  moves under Rule 16(a)(1)(G) for a written summary of any testimony the government intends to offer under Federal Rules of Evidence 702, 703, and 705.  Such summary should describe the witness's qualifications, opinions, and the bases and reasons.

27.     Mr. Johnson  further seeks disclosure of all "facts or data" reviewed and relied on by experts, as required by Federal Rules of Evidence 703 and 705.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Johnson respectfully requests this Honorable Court to order the government to provide him with the requested Rule 16 information, and that the government provide "all remaining <u>Brady</u> impeachment material", to give meaningful content to the Constitutional rights to due process, confrontation, compulsory process, and effective assistance of counsel.

Respectfully submitted,

<u>s/ Leon A. Parker</u>
Leon A. Parker
Assistant Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA. 15222
Main: (412) 644-6565
Fax: (412) 644-4594